Filed 3/22/22  P. v. Salamanca CA2/1
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on
opinions not certified for publication or ordered published, except as specified by rule
8.1115(b). This opinion has not been certified for publication or ordered published for
purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B300962 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA082067) |
| v. | |
| GUMARO SALAMANCA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Reversed and remanded.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Blythe J. Leszkay, Deputy Attorney General, for Plaintiff and Respondent.

_____

A jury convicted Gumaro Salamanca of first degree murder, attempted willful, deliberate and premeditated murder, and shooting at an inhabited dwelling, and found true several firearm and gang allegations. The trial court sentenced him to 50 years to life in prison. We conditionally reversed the conviction. (*People v. Salamanca* (Jan. 13, 2016, B254814) [nonpub. opn.].) In that decision, we concluded that Salamanca's "conviction for . . . murder may have been [improperly] based on the . . . theory of natural and probable consequences."

In 2019, Salamanca filed a petition for resentencing under Penal Code section 1170.95.[1] Relief under section 1170.95 was available to an inmate convicted of murder under the natural and probable consequences, aiding and abetting doctrine but not to "a major participant in the underlying felony who acted with reckless indifference to human life." (See Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

The trial court found Salamanca was ineligible for relief because he was a "major participant" in the murder and directly "aided and abetted because he was the one who drove not one place, but three places where three different crimes occurred." The court therefore denied Salamanca's petition without issuing an order to show cause or holding an evidentiary hearing.

Salamanca appealed that order, arguing that with respect to both his murder and attempted murder convictions, the court erred in denying his petition without issuing an order to show cause. We agreed as to his murder conviction but disagreed as to his conviction for attempted murder because the plain language

---

[1] All undesignated statutory references will be to the Penal Code.

of section 1170.95, subdivision (a) limited relief to persons "convicted of felony murder or murder under the natural and probable consequences . . . theory." No language in section 1170.95 mentioned relief to persons convicted of attempted murder. Accordingly, we reversed the trial court's order in part but also affirmed it in part.

Because the applicability of section 1170.95 to petitioners convicted of attempted murder was of statewide concern, our Supreme Court granted review of the decision and put the case in abeyance pending resolution of certain lead cases.

After our decision, the Legislature passed and the Governor signed into law Senate Bill No. 775, which amended subdivision (a) of section 1170.95 to permit relief for certain petitioners convicted of "attempted murder under the natural and probable consequences doctrine," resolving an ongoing issue in the courts. (Sen. Bill No. 775 (2020-2021 Reg. Sess.) at § 2.) The amended section 1170.95, subdivision (a)(3), states that relief for individuals convicted of attempted murder may be available if they could not presently be convicted of murder or attempted murder because of changes that Senate Bill No. 1437 made to sections 188 and 189 in 2018. (Stats. 2018, ch. 1015, §§ 2-3.)

Where a section 1170.95 petitioner's jury was instructed on the natural and probable consequences theory of liability for attempted murder, but the trial court summarily denied the petition based on prior law, section 1170.95 now requires a reviewing court to reverse the judgment and remand the matter for further proceedings under subdivision (c). (*People v. Montes* (2021) 71 Cal.App.5th 1001.)

Accordingly, on January 5, 2022, our Supreme Court transferred the matter back to us with directions to vacate our

3

decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551).  (*People v. Salamanca* (Jan. 5, 2022, S269184) \_\_\_Cal.5th\_\_\_ [2022 Cal. Lexis 71, at *1].)

Here, Respondent observes that the record reflects the jury was instructed on the faulty natural and probable consequences theory.  Therefore, Respondent concedes, Salamanca is entitled to further proceedings under section 1170.95, subdivision (c).

We agree, and therefore vacate our prior decision and remand the matter for further proceedings pursuant to subdivision (c) of section 1170.95.

## DISPOSITION

Our prior decision is vacated, the trial court's order is reversed, and the matter remanded for further proceedings.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.